UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PARSONS and DEBRA
PARSONS,

          Plaintiffs,

v.

WHIRLPOOL CORPORATION and
ECOWATER SYSTEMS LLC a/k/a
ECODYNE,

          Defendants.
_____/

Case No. 17-13561

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

## **OPINION AND ORDER TRANSFERRING CASE VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**

This is a putative class action involving allegedly defective water filters. Plaintiffs James and Debra Parsons allege that they suffered property damage when their home was flooded due to a latent defect in a water filtration system designed and manufactured by Defendant Whirlpool Corporation ("**Whirlpool**") and Defendant EcoWater Systems LLC ("**EcoWater**"). Plaintiffs seek to certify two classes of plaintiffs who purchased similarly defective systems.

Defendants have moved to dismiss this action for lack of personal jurisdiction and improper venue, and request in the alternative that this Court transfer the action to the Northern District of Florida. Defendants have also moved to dismiss the action

for failure to state a claim on which relief may be granted.

For the reasons set forth below, the Court finds that venue for this action is not properly laid in the Eastern District of Michigan, and that the interest of justice requires the case to be transferred to the Northern District of Florida pursuant to 28 U.S.C. § 1406(a). The Court makes no determination regarding personal jurisdiction, or on the legal sufficiency of Plaintiffs' allegations.

## I. BACKGROUND

### A. Core Factual Allegations

Plaintiffs James and Debra Parsons reside in Harrogate, Tennessee, and also own a home in Destin, Florida. (ECF No. 1, Compl. ¶ 7.) Plaintiffs allege in the Complaint that Whirlpool is a Delaware corporation with its principal place of business in Benton Harbor, Michigan, and that EcoWater is a foreign limited liability corporation, at least one of the members of which is a citizen of the state of Delaware. (Compl. ¶¶ 8-9.)

Plaintiffs allege that EcoWater "manufacturers [*sic*] and warrants Whirlpool dual stage filtration systems, Whirlpool reverse osmosis systems and Whirlpool central filtration systems under license." (Compl. ¶¶ 16, 18.) This putative class action specifically concerns allegedly defective water filters. The water filters at issue include, "but [are] not limited to, Undersink Filtration Systems models ('Class Water Filters'), that are manufactured in a way that allows them to crack and/or

creep, causing water to leak from the filter." (Compl. ¶ 1.) They also allege that the allegedly defective water filters are made of plastic which "fails to hold water without leaking" (Compl. ¶ 21); that the leaking "is caused when the plastic changes shape over time, which is called creep, due to environmental stress" (Compl. ¶ 22); and that such a change "can manifest itself through excessive deformation of the plastic or through cracking" (Compl. ¶ 23). Plaintiffs further allege that the defect "is particularly dangerous because it causes water damage and can lead to flooding and significant property damage," which occurs when the defect "causes the Class Water Filters to function improperly during the expected useful life of the water filter, resulting in flooding." (Compl. ¶¶ 24, 28.)

This is exactly what Plaintiffs claim happened to them. Plaintiffs allege that in or around August 2015, they purchased a "Whirlpool three-stage reverse osmosis water filter, Model No. WHER 2555," for $170.00 at a Lowe's home improvement store in Destin, Florida. (Compl. ¶¶ 42-45.) According to the Complaint, Plaintiffs installed the water filter on March 12, 2016, at their Florida home. Approximately six to eight weeks later, Plaintiffs "were shocked to enter their home and see standing water on their kitchen floor and dripping from their kitchen sink cabinet." (Compl. ¶ 45.) They turned off the water line, soaked up the water, and the next day found a leak in the water filter housing. (*Id.*) Plaintiff James Parsons contacted Whirlpool to notify it of the leak and the damage that resulted from it, the Complaint alleges, but

3

Whirlpool "ignored the damage to Mr. Parsons' home and responded it would only send a replacement housing, which it did." (Compl. ¶ 46.)

Plaintiffs claim that the alleged defect exists "because Defendants failed to adequately design, manufacture, and test the Class Water Filters" (Compl. ¶ 25), and that the defect, "which is undetectable to the consumer, is manifest in the water filter when the water filter leaves Defendants' possession [such that it] creates an immediate safety risk to consumers." (Compl. ¶ 26.) Plaintiffs then allege that despite a large number of consumer complaints, "Defendants continue to conceal the existence of the Defect from current customers and potential customers alike. Defendants have not warned consumers at the point of sale." (Compl. ¶¶ 31-38.)

Plaintiffs bring this lawsuit as a proposed class action under Federal Rule of Civil Procedure 23 on behalf of themselves and two proposed plaintiff classes: one nationwide class, and one class consisting of Florida residents only. Each class is comprised of persons or entities "who purchased or otherwise acquired the Class Water Filter, designed and/or manufactured by Defendants primarily for personal, family, or household purposes and not for resale." (Compl. ¶¶ 49-51.) The nine causes of action asserted in the Complaint include claims for declaratory judgment and unjust enrichment pled on behalf of the nationwide class, and the Florida class in the alternative (Compl. ¶¶ 64-79); claims for negligence, breach of implied warranty, and breach of express warranty pled on behalf of the nationwide class only

4

(Compl. ¶¶ 80-122); a claim for injunctive relief pled on behalf of both classes (Compl. ¶¶ 123-29); and three Florida statutory tort claims pled on behalf of the Florida class only (Compl. ¶¶ 130-80).

**B.     Facts Relevant to Venue**

The sole evidentiary exhibit to the parties' briefing on Defendants' Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and Improper Venue under Fed. R. Civ. P. 12(b)(3) is the Declaration of Mohammed Bayati, who attests that he is the current President of EcoWater Systems LLC. (ECF No. 17, Defs.' Mot. Ex. 1, Declaration of Mohammed Bayati.)

Bayati makes the following factual averments based on personal knowledge. EcoWater is a limited liability company formed under the laws of Delaware; its principal place of business is in Woodbury, Minnesota, and Bayati's office is located there. (Bayati Decl. ¶ 3.) EcoWater also does business under the trade name "Ecodyne Water Systems." (Bayati Decl. ¶ 4.) Both EcoWater and its affiliate KX Technologies LLC ("**KXT**") are "responsible for the design, manufacture, assembly and sale of certain water treatment systems including reverse osmosis water filtration systems." (Bayati Decl. ¶¶ 5, 7.) Bayati avers that depending on the date that Plaintiffs' allegedly defective reverse osmosis water filtration system (which he refers to as an "RO System") was manufactured, either EcoWater or KXT: (1) designed the RO System in Woodbury, Minnesota; (2) manufactured the RO System

5

at a facility in either Iuka, Mississippi or Ripley, Mississippi; and (3) sold the RO System to Lowe's. (Bayati Decl. ¶¶ 8-10.) After the RO System was assembled in one of the Mississippi facilities mentioned above, Lowe's would have taken possession of it from that facility, and subsequently distribute it to a Lowe's retail location. (Bayati Decl. ¶ 10.) In the instant case, that retail location was in Destin, Florida. (Compl. ¶ 42.)

C. **Procedural History**

Plaintiffs filed this action on October 31, 2017 (ECF No. 1, Compl.), invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(d) (Compl. ¶ 10). On January 19, 2018, Defendants timely filed the two motions to dismiss that are presently before this Court.

The first of Defendants' two motions was a Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2) and Improper Venue under Fed. R. Civ. P. 12(b)(3). (ECF No. 17, Defs.' Mot.) Defendants also filed a Motion to Dismiss Class Action Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 18.)

The Court held a hearing on Defendants' Motion to Dismiss Class Action Complaint for Lack of Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2), and for Improper Venue under Fed. R. Civ. P. 12(b)(3) (hereinafter "**Rule 12(b)(2)-(3) Motion**") on Friday, April 27, 2018.

## II. LEGAL STANDARDS

"The requirements for venue are set by statute, as are the remedies available for improper and inconvenient venue." *Kerobo v. Sw. Clean Fuels, Corp.,* 285 F.3d 531, 538 (6th Cir. 2002). For federal civil actions, venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The same statute defines "residency" for venue purposes. As relevant to this action, the statute provides that

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

*Id.* § 1391(c)(2). The venue statute further provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such

> district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*Id.* § 1391(d).

As to the remedies available for improper and inconvenient venue, 28 U.S.C. § 1404(a) authorizes a district court, "[f]or the convenience of parties and witnesses, in the interest of justice, [to] transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Separately, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Although § 1404(a) and § 1406(a) both authorize the transfer of actions for venue purposes, they differ as to whether the transferor court must assume personal jurisdiction over the defendants in the action before effectuating the transfer. "The purpose of [§ 1404(a)] is to transfer actions brought in a permissible yet inconvenient forum. '[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants.'" *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009) (alteration in original) (internal citations omitted) (quoting *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993)). By contrast, "section 1406 applies to actions that are brought in an impermissible forum; the district court need not have personal jurisdiction over

defendants before transferring pursuant to this section." *Id.* (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)).

### III. DISCUSSION

For the reasons discussed below, the Court finds that venue for this action is not properly laid in the Eastern District of Michigan. Further, the Court finds that transfer of this action to the Northern District of Florida is "in the interest of justice," because the Northern District of Florida is a "district or division in which [the action] could have been brought." 28 U.S.C. § 1406(a). Further, because it is clear that the Eastern District of Michigan is not an appropriate venue for this action, and equally clear that the Northern District of Florida is, there is no need to reach the other threshold issue of whether this Court may exercise personal jurisdiction over the parties in this action. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'") (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *see also Jackson*, 421 F. App'x at 483 (explaining that "the district court need not have personal jurisdiction over defendants before transferring pursuant to [28 U.S.C. § 1406(a)]").

**A. Venue is not proper in the Eastern District of Michigan.**

Defendants have evidenced that either EcoWater (a Delaware limited liability company with its principal place of business in Minnesota), or its affiliate KXT,

9

designed the water filtration system at issue in Minnesota, manufactured it in Mississippi, and sold it to Lowe's for pickup in Mississippi for distribution to a Lowe's retail location: in this case, Destin, Florida. Meanwhile, Plaintiffs (who reside in Tennessee) have alleged that they purchased the system in Florida, that it failed after it was installed in their residential property in Florida, and that it therefore caused them damages in Florida as well. In their Response to Defendants' Rule 12(b)(2)-(3) Motion, Plaintiffs identify three connections between their claims and the state of Michigan: (1) the trademark licensing agreement between EcoWater and Whirlpool; (2) the fact that EcoWater placed its products in the national stream of commerce; and (3) the fact that EcoWater maintains an interactive website that is accessible to Michigan residents. (*See* ECF No. 22, Pls.' Resp. at 9, Pg ID 603.)

Only the first of these three asserted factors—EcoWater's trademark licensing agreement with Whirlpool—is particular to Michigan. It is undisputed that Whirlpool's principal place of business is in Benton Harbor, Michigan. (*See* Compl. ¶ 8; Defs.' Mot. at 2, Pg ID 253.) Benton Harbor is located in Berrien County, Michigan, *see* Mich. Comp. Laws § 4.2001a, and Berrien County is within the Southern Division of the Western District of Michigan, *see* 28 U.S.C. § 102(b)(1). Thus, the only Michigan-specific connection that Plaintiffs have shown or alleged is to a location outside of the Eastern District of Michigan.

Regardless of whether personal jurisdiction could be exercised over EcoWater by the courts of Michigan (and therefore by the federal courts that sit in Michigan) in this action, venue is not proper in the Eastern District of Michigan.

**B.     This action "could have been brought," and should have been brought, in the Northern District of Florida under 28 U.S.C. § 1406(a).**

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, having found that the Eastern District of Michigan is not a proper venue for this case, the Court further finds that this case could have been brought in the Northern District of Florida, and will therefore transfer the matter to that District in the interest of justice under § 1406(a).

Both the Lowe's retail establishment at which Plaintiffs allege they purchased the water filtration system at issue, and the site at which they allege it failed, are in Destin, Florida. Destin is located in Okaloosa County, Florida, *see* Fla. Stat. Ann. § 7.46, and Okaloosa County sits within the Northern District of Florida, *see* 28 U.S.C. § 89(a). Thus, the Northern District of Florida is not only a district in which an injury or loss alleged in the lawsuit occurred—it is where *the only* injury or loss alleged in the lawsuit occurred, as well as the district in which Plaintiffs purchased the product that they allege was the cause of that injury or loss. The Court finds that

11

because all events relevant to this lawsuit that involved Plaintiffs themselves took place in the Northern District of Florida, there is little doubt that "a substantial part of the events or omissions giving rise to the claim occurred" in that District. Venue is therefore proper in the Northern District of Florida under 28 U.S.C. § 1391(b)(2).

## IV. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1406(a) and in the interest of justice, the Court hereby GRANTS Defendants' motion to transfer venue to the Northern District of Florida.

IT IS SO ORDERED.


Dated: May 21, 2018
s/Paul D. Borman
Paul D. Borman
United States District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2018.

s/D. Tofil
Deborah Tofil, Case Manager

12